Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| ERICA MARIE ERICKSON, BEN JAMES ERICKSON y la SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Apelados<br><br>v.<br><br>JOSÉ CUEVAS GUASH, AIDA VARGAS VARGAS y la SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; ARIS CUEVAS VARGAS<br><br>Apelantes | KLAN202400827 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: AÑ2023CV00022<br><br>Sobre: Incumplimiento Contractual |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de septiembre de 2024.

Comparecen Josué Cuevas Guash, Aida Vargas Vargas y la Sociedad Legal de Gananciales compuesta por ambos (en adelante, parte apelante) mediante un recurso de *Apelación*, para solicitarnos la revisión de la *Sentencia* emitida, el 5 de junio de 2024, y notificada el 6 de junio de 2024, por el Tribunal de Primera Instancia, Sala Superior de Añasco (en adelante, TPI).[1] Mediante la *Sentencia* apelada, el tribunal de instancia declaró *Ha Lugar* la *Demanda* y condenó a la parte apelante a pagar de manera solidaria ciertas partidas de dinero. Además, les condenó, de manera solidaria a pagar la suma de $10,000.00 en honorarios de abogado, más los intereses legales al 8% desde la presentación de la *Demanda*. Sobre dicha determinación, la parte apelante presentó una *Solicitud de*

---

[1] Apéndice del recurso, a las págs. 16-27.

Número Identificador

SEN2024_____

*Determinaciones Adicionales de Hechos y Reconsideración.*[2] En atención a lo anterior, el foro primario, mediante *Orden,* emitida y notificada el 12 de agosto de 2024,[3] reconsideró en parte su dictamen, específicamente para reducir los honorarios de abogados impuestos.

Por los fundamentos que expondremos, se *desestima* el recurso por falta de jurisdicción por prematuro.

I

Habida cuenta de la determinación que hemos acordado en torno al recurso ante nuestra consideración, nos circunscribiremos, específicamente, a aquellos asuntos procesales que juzgamos medulares.

La parte apelada del título instó una *Demanda* sobre alegado incumplimiento contractual.[4] En atención a lo anterior, los codemandados, José Cuevas Guash, Aida Vargas Vargas y la Sociedad Legal de Gananciales compuesta por ambos, así como Aris Cuevas Vargas, presentaron, por conducto del licenciado Narciso Pagán Valentín (licenciado Pagán Valentín), un escrito en el cual este último asumía su representación legal.[5] De ahí, presentaron una *Contestación a Demanda,* también por conducto del licenciado Pagán Valentín.[6]

Posteriormente, el licenciado Pagán Valentín solicitó el relevo de representación legal de una de las codemandadas, la señora Aris Cuevas Vargas.[7] Dicha solicitud fue concedida por el foro primario mediante *Orden,* notificada el 21 de agosto de 2023.[8] Desde ese momento, la señora Aris Cuevas Vargas se representó por derecho

---

[2] Apéndice del recurso, a las págs. 28-47.
[3] *Íd.,* a las págs. 48-50.
[4] *Íd.,* a las págs. 1-5.
[5] *Íd.,* a las págs. 6-7.
[6] *Íd.,* a las págs. 8-11.
[7] Véase el Sistema Unificado de Manejo y Administración de Casos (SUMAC), a la Entrada 41.
[8] Véase el SUMAC, a la Entrada 42.

propio. De los autos no se desprende que abogado alguno hubiese asumido su representación legal.

Así las cosas, y luego de varios incidentes procesales innecesarios pormenorizar, se celebró el juicio en su fondo.

Producto del juicio en su fondo, el 6 de junio de 2024, el tribunal de instancia emitió la *Sentencia* apelada. En la *Sentencia*, el tribunal apelado declaró *Ha Lugar* la *Demanda* y condenó a los codemandados José Cuevas Guash, Aida Vargas Vargas y la Sociedad Legal de Gananciales compuesta por ambos, así como Aris Cuevas Vargas a pagar de manera solidaria las siguientes partidas: (i) pago del servicio de agua potable: $149.63; (ii) pago del sellado del techo: $4,311.00, y (iii) pago de $809.00 pagados a Firstbank; para un total de $5,269.63. Además, les condenó, de manera solidaria, a pagar la suma de $10,000.00 en honorarios de abogado, más los intereses legales al 8% desde la presentación de la *Demanda*.

Inconforme con lo allí dispuesto, José Cuevas Guash presentó una *Solicitud de Determinaciones Adicionales de Hechos y Reconsideración*.[9] En respuesta, el foro de instancia emitió y notificó una *Orden* el 12 de agosto de 2024, en la cual, en síntesis, reconsideró solamente la cuantía impuesta en concepto de honorarios de abogado, por lo cual la redujo.

Insatisfecho aún, el 6 de septiembre de 2024, la parte apelante presentó un recurso de *Apelación*.

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[10] este Tribunal tiene la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho. En

---

[9] Apéndice del recurso, a las págs. 28-47.
[10] 4 LPRA Ap. XXII-B, R.7 (B)(5).

consideración a lo anterior, eximimos a la parte apelada de presentar escrito en oposición al recurso de *apelación* ante nos. A tenor, procederemos a exponer el derecho aplicable al presente recurso.

II

**A. Falta de Jurisdicción**

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración.[11] Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela ni las partes pueden otorgársela.[12] Es norma reiterada en nuestro ordenamiento, que: "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[13] Igualmente, nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada.[14] De manera que, deben ser resueltas con preferencia, pues, incide directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[15] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[16] De lo contrario, cualquier dictamen en los méritos será nulo y no se podrá ejecutarse.[17] Es decir, una sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por lo tanto, inexistente.[18]

---

[11] *R&B Power, Inc. v. Junta de Subasta ASG,* 2024 TSPR 24, 213 DPR ___ (2024); *AAA v. UIA,* 199 DPR 638, 651-52 (2018).

[12] *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 296 (2016).

[13] *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007); *Ríos Martínez, Com. Alt. PNP v. CLE, Id.*

[14] *R&B Power, Inc. v. Junta de Subasta ASG,* supra.

[15] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018).

[16] 4 LPRA Ap. XXII-B, R. 83; *R&B Power, Inc. v. Junta de Subasta ASG,* supra.

[17] *Bco. Santander v. Correa García,* 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007).

[18] *Montañez v. Policía de P.R.,* 150 DPR 917, 921-922 (2000).

Como corolario de lo anterior, el Tribunal Supremo de Puerto Rico ha desarrollado el principio de la justiciabilidad, el cual recoge una serie de doctrinas de autolimitación basadas en consideraciones prudenciales que prohíben al foro judicial emitir opiniones consultivas,[19] Además, persigue evitar emitir decisiones en casos en los cuales realmente no existe una controversia o dictar una sentencia que no tendrá efectos prácticos sobre un asunto.[20] En ese contexto, una caso no es justiciable cuando: (i) se trata de resolver una cuestión política; (ii) una de las partes carece de legitimación activa para promover un pleito; (iii) después de comenzado el litigio hechos posteriores lo tornan en académico; (iv) las partes pretenden obtener una opinión consultiva; y, (v) cuando se pretende promover un pleito que no está maduro.[21]

En nuestra función revisora, un recurso judicial es prematuro cuando el asunto del cual se trata no está listo para adjudicación; esto es, cuando la controversia no está debidamente delineada, definida y concreta.[22] Como ha pronunciado reiteradamente el Tribunal Supremo, un recurso prematuro adolece del insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre.[23] Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo.[24]

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones,[25] confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso o

---

[19] El principio de justiciabilidad fue incorporado jurisprudencialmente a nuestro ordenamiento jurídico mediante el caso *ELA v. Aguayo*, 80 DPR 552, 595 (1958); Véase, además, R. Elfrén Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2da ed., San Juan, Ed. Pubs. JTS, 1987, pág. 147.
[20] *Moreno v. Pres. U.P.R. I*, 178 DPR 969, 973 (2010).
[21] *Crespo v. Cintrón*, 159 DPR 290, 298 (2003).
[22] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366-367 (2001).
[23] *Juliá et al. v. Epifanio Vidal, S.E.*, supra, a la pág. 365.
[24] *Torres Alvarado v. Madera Atiles,* supra, 501; *Juliá et al. v. Epifanio Vidal, S.E.,* supra, a la pág. 366.
[25] 4 LPRA Ap. XXII-B, R. 83 (C).

denegar un auto discrecional cuando este foro carece de jurisdicción.

### B. Notificación adecuada

La Sección 7 del Artículo II de la Constitución de Puerto Rico,[26] al igual que las Enmiendas V y XIV de la Constitución de los Estados Unidos,[27] garantizan que ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley. Esta garantía procesal funciona de dos vertientes, la sustantiva y la procesal. En lo referente a esta última, se ha entendido que ". . .el debido proceso de ley procesal le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y propiedad del individuo se haga a través de un procedimiento que sea justo y equitativo".[28] Para garantizar las exigencias mínimas del debido proceso de ley todo procedimiento adversativo debe satisfacer lo siguiente: **1) notificación adecuada del proceso**; 2) proceso ante un juez imparcial; 3) oportunidad de ser oído; 4) derecho a contrainterrogar testigos y examinar la evidencia presentada en su contra; 5) asistencia de abogado; y 6) que la decisión se base en la evidencia presentada y admitida en el juicio.[29] A esos efectos, la característica medular de la garantía del debido proceso de ley es que el procedimiento seguido sea uno justo.[30]

La notificación adecuada es aquella que se dirige específicamente a la parte o a su representación legal.[31] Sobre este particular, nuestra jurisprudencia ha establecido que "[l]a incorrecta notificación de los dictámenes emitidos por los tribunales atenta contra los derechos de las partes al privarles de cuestionar el

---

[26] CONST. PR art. II, sec. 7.
[27] CONST. EE. UU. Emda. V y XIV.
[28] *Rivera Rodríguez & Co. v. Lee Stowell, etc.,* 133 DPR 881, 887 (1993); *López Vives v. Policía de P.R.*, 118 DPR 219 (1987).
[29] *Hernández v. Secretario*, 164 DPR 390 (2005); *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, supra, a la pág. 889.
[30] *Rivera Santiago v. Srio. de Hacienda,*119 DPR 265, 274 (1987).
[31] *R & G Mortgage v. Arroyo Torres y otros*, 180 DPR 511, 525 (2010).

dictamen emitido y causarles demoras e impedimentos en el proceso judicial".[32] Por ello, al no notificarse adecuadamente alguna resolución, orden o sentencia, estas no surten efecto y los términos no comienzan a transcurrir.[33] Nuestro Tribunal Supremo ha dejado claro que la notificación defectuosa priva de jurisdicción al foro revisor. De manera que el recurso que se presente ante un foro de mayor jerarquía será prematuro.[34]

### III

Como tribunal revisor, venimos llamados a auscultar nuestra propia jurisdicción como paso previo a intervenir en un recurso ante nuestra consideración. Ello, puesto que las cuestiones relacionadas a la jurisdicción inciden directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[35] A esos efectos, cuando este Tribunal carece de jurisdicción, no podemos otra cosa que no sea, desestimar la reclamación, sin entrar en sus méritos.

Luego de estudiar con detenimiento el expediente ante nuestra consideración, así como de haber corroborado en el SUMAC ciertos detalles para poder determinar si teníamos o no autoridad para intervenir, colegimos que el recurso instado es prematuro. Es por lo anterior que, aun cuando el presente caso se encuentra pendiente de perfeccionamiento y emitimos una *Resolución* al respecto,[36] conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[37] este Tribunal tiene la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho". En

---

[32] *Berríos Fernández v. Vázquez Botet*, 196 DPR 245, 250-251 (2016).
[33] *Bco. Popular v. Andino Solís,* 192 DPR 172, 183 (2015).
[34] *PR Eco Park et al. v. Mun. de Yauco*, 202 DPR 525, 538 (2019).
[35] *Torres Alvarado v. Madera Atiles,* supra, a la pág. 500; *Fuentes Bonilla v. ELA et al.*, supra, a la pág. 372.
[36] *Resolución* emitida por este Tribunal de Apelaciones, el 10 de septiembre de 2024.
[37] 4 LPRA Ap. XXII-B, R.7 (B)(5).

consideración al curso acordado, disponemos dejar sin efecto la *Resolución* emitida el 10 de septiembre de 2024, en lo que respecta a que la parte apelada presente su alegato en oposición. Abundamos.

Según pudimos constatar en la relación de hechos que antecede, producto de la celebración de un juicio en su fondo, el tribunal de instancia emitió la *Sentencia* apelada, la cual notificó a todas las partes representadas por abogado, incluyendo a Aris Cuevas Vargas, quien no contaba con representación legal.[38]

Oportunamente, y ante su inconformidad, José Cuevas Guash presentó una oportuna solicitud de reconsideración y de determinaciones de hecho adicionales, la cual, siguiendo el mismo curso de acción, notificó a todas las partes, incluyendo a Aris Cuevas Vargas, quien no contaba con representación legal.

Ahora bien, aun cuando la primera instancia judicial atendió y dispuso de la solicitud instada por José Cuevas Guash, de forma inexplicable, la Secretaría del Tribunal de Primera Instancia pretirió a una de las partes en el volante de notificación de la *Orden* en reconsideración.[39] **En otras palabras, el foro de instancia no ha notificado a Aris Cuevas Vargas, quien es parte en el pleito y se representa por derecho propio, de la determinación en reconsideración**.[40] Sabido es que la notificación adecuada es una de las garantías mínimas del debido proceso de ley. Por ello, la incorrecta notificación de los dictámenes emitidos por los tribunales atenta contra los derechos de las partes.[41] Así, pues, cuando no se notifica adecuadamente una resolución, orden o sentencia, estas no surten efecto y los términos no comienzan a transcurrir.[42] Por

---

[38] Apéndice del recurso, a la pág. 16.
[39] *Íd.*, a la pág. 48.
[40] Puntualizamos que revisamos los autos ante el TPI en el SUMAC y no existe una notificación enmendada de la *Sentencia*, que incluya a todas las partes en el pleito, como para que pudiésemos asumir jurisdicción.
[41] *Berríos Fernández v. Vázquez Botet*, supra, a las págs. 250-251.
[42] *Bco. Popular v. Andino Solís,* supra, a la pág. 183.

consiguiente, el recurso que se presente ante un foro revisor será prematuro.[43] En mérito de lo anterior, colegimos que la falla cometida por el foro *a quo* provoca, irremediablemente, que el recurso apelativo incoado sea uno prematuro.

Tomando en consideración la discusión antes expuesta, así como el derecho aplicable, la única alternativa disponible para este Tribunal de Apelaciones es desestimar el recurso de *Apelación* por haberse presentado de forma prematura. Claro está, lo anterior, en nada limita a que una vez el foro *a quo* notifique su determinación conforme a derecho, la parte que así lo entienda pueda presentar el recurso apelativo que entiendan necesario.

IV

Por los fundamentos que anteceden, se *desestima* el recurso de *Apelación*, por haberse presentado de forma prematura.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[43] *PR Eco Park et al. v. Mun. de Yauco*, supra, pág. 538.